# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| THEODORE McGARY<br><br>       Plaintiff,<br><br>  v.<br><br>THE HONORABLE JOHN M. McHUGH,<br>Secretary, Department of the Army, et al.,<br><br>       Defendant. |

Civ. A. No. 13-1136 (RCL)
Hon. Royce C. Lamberth

## MEMORANDUM OPINION

Theodore McGary, plaintiff, brings this *pro se* action alleging Title VII employment discrimination against the United States Army, his former employer, in the United States District Court for the District of Columbia. After receiving what he characterizes as a negative recommendation, plaintiff initially filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), appealed that decision to the Office of Federal Operations ("OFO"), and subsequently filed in the district court system after receiving unfavorable outcomes each time. Defendants John McHugh, Secretary for the Department of the Army, and Carol Burton, plaintiff's former supervisor, have filed a 12(b)(6) motion to dismiss on the basis that plaintiff has failed to state a claim on which relief can be granted, and a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction over defendant Burton. Defendants further allege that plaintiff's complaint was not timely filed. Received 4 days after the strict deadline, plaintiff's complaint was indeed not timely, and as such the plaintiff's claim will be DISMISSED with prejudice.

1

I.  **BACKGROUND**

Many of the facts of this case were thoroughly set out in the Office of Federal Operations ("OFO") decision.

> [Plaintiff] worked as an Employee Relations Specialist at the Agency's Civilian Personnel Advisory Center (CPAC), U.S. Army Garrison in Kaiserlautern, Germany. [Plaintiff] began working for the Agency in September 2007, and left for another position in January 2009.
>
> In a complaint dated April 13, 2009, [plaintiff] alleged that the Agency discriminated against him based on his race (Black), sex (male)[,] and reprisal when:
>
> 1. [Plaintiff] received a level three for his decision to accept a position with the Navy in Yokosuka, Japan.
> 2. [Plaintiff] received one share for his annual pay increase, while two similarly situated White females received two shares.
> 3. [Plaintiff's] second level supervisor provided negative references to three potential employers.
>
> In 2000, [plaintiff] filed a complaint against his then employer, the Peace Corps. [Plaintiff] shared this information with his immediate supervisor (S1) and [defendant Carol Burton,] his second level supervisor (S2)[,] and others.  S1 provided a recommendation for [plaintiff].  She also provided a recommendation for [another employee, a white female].  S2 concurred with both recommendations.  The recommendations were submitted as required to the pay pool panel.  Both ratings were lowered by the pay pool panel.  [Plaintiff] received one share for his reduced rating and [the white female] received two shares with her reduced rating.
>
> [Plaintiff] also sought other employment.  S2 told one prospective employer that [plaintiff] was a "job hopper."
>
> After conducting an investigation, which included testimony provided at a fact-finding conference, [plaintiff] was sent a report of investigation (ROI) and the transcript.  [Plaintiff] requested a hearing before an AJ [administrative judge].  Over the objection of [plaintiff], the AJ granted summary judgment.

Ex. 10 at 1-2, ECF No. 6-12 (footnote omitted).  The final agency decision implementing the judge's ruling was entered on August 29, 2011.  *Id.* at 1.  Plaintiff then appealed his unfavorable decision to the OFO, which affirmed the administrative judge's grant of summary judgment to

the defendants, and entered its decision on April 16, 2013. *Id.* at 3, 6. A provision included in the decision gave plaintiff "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [plaintiff] receive[d] [the] decision." *Id.* On the next page, the certificate of mailing reads: "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." *Id.* at 7. The plaintiff did not include the date he received the right-to-sue information in his complaint, nor did he include it in his response to the defendants' motion to dismiss.

## II. ANALYSIS

Defendants argue that this case, or portions of it, should be dismissed on several grounds: (1) that the complaint was not timely filed, (2) that it fails to state a claim for which relief can be granted, and (3) that it lacks subject matter jurisdiction over one of the defendants. The Court agrees that the case was not timely filed, and dismisses it for this reason. As such, the Court does not address the 12(b)(6) and 12(b)(1) motions in depth.[1]

### A. Timeliness

"Federal employees may only bring Title VII lawsuits in federal district court if they have exhausted remedies available through administrative processes and filed suit within 90 days of final administrative action." *Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005); 42 U.S.C. § 2000e–16(c). "The 90 day window operates not as a jurisdictional bar, but as a statute of limitations." *Id.* "[A] court may dismiss a claim on statute of limitations grounds only if 'no

---

[1] Although the Court does not address the 12(b)(6) and 12(b)(1) motions in depth, assuming that the complaint was timely filed, the Court would still rule for the defendants on both issues. Plaintiff received the job despite whatever negative reference he was given, and has suffered no judicially cognizable harm. Further, Ms. Burton is not a proper defendant – it is simply incorrect that because the head of a department can be sued, his subordinates can be as well. Throughout plaintiff's complaint and the transcript, plaintiff seeks to portray a conspiracy against him, the merits of which are not evident in the record. This Court is not permitted to make the conclusory leaps that ruling for the plaintiff would require.

3

reasonable person could disagree on the date' on which the cause of action accrued." *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (quoting *Kuwait Airways Corp. v. American Security Bank*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)). Courts generally presume that EEOC right-to-sue letters are received either 3 or 5 days after they are mailed. *See, e.g., Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 96-97 (D.D.C. 1995) (dismissing *pro se* plaintiff's Title VII claim where plaintiff did not plead date of receipt of right-to-sue letter in complaint and complaint was received 97 days after decision). Because there are usually no disputable questions of fact concerning EEOC deadlines, courts enforce the 90 day limitations period very strictly. *See, e.g., Smith v. Dalton*, 971 F. Supp. 1, 1-3 (D.D.C. 1997) (dismissing *pro se* plaintiff's Title VII claim when it was received 1 day after 90 day deadline). Although this Court analyzes the complaints of *pro se* plaintiffs under "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[t]he Supreme Court has cautioned that congressionally mandated time requirements 'for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants,'" *Smith*, 971 F. Supp. at 3 (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984)).

The OFO decided against plaintiff on April 16, 2013, and included in its decision instructions on how to further pursue a civil action in the district courts. *See* Ex. 10 at 6. It further included a certificate of mailing that notified plaintiff that "the Commission . . . presume[s] that [the] decision was received with five (5) calendar days after it was mailed." *Id.* at 7. This is consistent with courts presuming that right-to-sue letters in EEOC actions are received within 3 or 5 days of the decision. *See, e.g., Anderson*, 886 F. Supp. at 96-97. The OFO decision was mailed on April 16, 2013, the same day it was decided. *Id.* Therefore, the 90

day countdown began, at the latest, on April 21, 2013, giving plaintiff, at most, until July 20, 2013 to file his complaint. "[T]he date of filing is established by the official docket," *Smith*, 971 F. Supp. at 3, which means the day it was received by the Clerk of the Court, *see Tyler v. District of Columbia*, No. 05-2259, 2006 WL 2024377, *1, n.1 (D.D.C. Jul. 18, 2006) (citing *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986)). Plaintiff's complaint was not received until July 24, 2013, *see* Compl., ECF No. 1-1, indisputably late.

However, as per the guidelines laid out in *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988), the Court considers whether there is an equitable excuse for plaintiff's failure to file the complaint on time. Where *pro se* plaintiffs have been misled or misguided, "equitable tolling . . . might be available." *Norman v. United States*, 467 F.3d 773, 777 (D.C. Cir. 2006). But the plaintiff here was not misled. This case is a simple example of a late filing with no misconduct on the part of the defendant or deciding agency. Even if, as plaintiff implicitly claims, the Department of Defense internal postal system added a significant delay to the receipt of the documents, then plaintiff would have been made aware of the lag when he received the documents longer than 5 days after the date of the decision.[2] With this knowledge plaintiff could have (1) mailed his complaint earlier to ensure it arrived within the 90 day window, (2) sought waiver or extension of the 90 day requirement, or (3) even simply informed the defendants, the Court, or the EEOC agency, of potential delay.[3] Because plaintiff did none of these things, the Court finds that plaintiff did not exercise the due diligence required of him, and his excuse is at best "a garden variety claim of excusable neglect," insufficient to

---

[2] The certification letter included with the decision states: "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." Ex. 10. Thus, receipt more than 5 days after the decision was mailed would put plaintiff on notice of the amount of time it takes the postal system to function.

[3] Note that the Court does not hold that simply informing parties of a delay would be sufficient. However, it would have at least helped plaintiff's case by giving credence to his claim that the mail took longer to arrive than normal.

warrant equitable tolling. *See Battle v. Rubin*, 121 F. Supp. 2d 4, 7-8 (D.D.C. 2000) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The Court sees no reason to make for *pro se* plaintiffs what would be a categorical exception to the rule, particularly a plaintiff with self-proclaimed familiarity with the EEO process. *See* Ex. 1 at 81-82, ECF No. 6-4. Therefore, the Court concludes that plaintiff's complaint was not timely, and dismisses his claims.

### III. CONCLUSION

For the aforementioned reasons, Defendant McHugh and Defendant Burton's 12(b)(6) Motion to Dismiss for Failure to State a Claim will be GRANTED, Defendant Burton's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction will be GRANTED, and this case will be DISMISSED with prejudice. An order reflecting the stated relief accompanies this opinion.

Date: 6/20/14        Signature: *Royce C. Lamberth*
                                The Honorable Royce C. Lamberth
                                U.S. District Court Judge